UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>          Plaintiff,<br><br>    v.<br><br>TILLY'S, INC.,<br><br>          Defendant. | Case No.  1:22-cv-00178-KES-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS AND DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM<br><br>(Doc. 6)<br><br>14-DAY DEADLINE |

      Pending before the Court is the motion of Defendant Tilly's, Inc., filed on March 25, 2022, to dismiss a claim asserted by Plaintiff Fernando Gastelum pursuant to California's Unruh Civil Rights Act (the second cause of action in Plaintiff's operative complaint).  *See* (Doc. 6). Plaintiff timely filed an opposition and Defendant timely replied.  (Docs. 9, 11).  Plaintiff thereafter filed two notices of supplemental authority; Defendant filed a response to the first. (Docs. 12-14).  On August 1, 2024, the assigned district judge referred Defendant's motion to the undersigned for preparation of findings and recommendations.  (Doc. 34).  The undersigned reviewed the filings referenced above, and for the reasons set forth below, rules as follows:

**<u>Background</u>**

      On February 11, 2022, Plaintiff filed this case against Defendant alleging violations of the

American with Disabilities Act (ADA) and California's Unruh Civil Rights Act. (Doc. 1). These claims stem from alleged barriers Plaintiff encountered while visiting two facilities owned by Defendant. *Id.* ¶¶ 3, 8-13.

This case has not been scheduled. Shortly after the parties completing briefing on Defendant's motion to dismiss, they agreed to stay discovery pending their participation in a settlement conference. (Doc. 22). Because the settlement conference was unsuccessful and because Defendant's motion remained pending, on December 14, 2022, the undersigned maintained the stay and continued the scheduling conference. (Doc. 25). The scheduling conference has since been continued numerous times in light of Defendant's pending motion to dismiss.

**Governing Legal Standards**

Under 28 U.S.C. § 1367(a), a court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Ninth Circuit has concluded that ADA and Unruh Act claims that derive from a common nucleus of operative fact "form part of the 'same case or controversy' for purposes of § 1367(a)." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021).

However, even where supplemental jurisdiction over a claim exists under § 1367(a), the Court may decline jurisdiction over the claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c)(1)-(4).

Pertinent here, a court deciding whether to apply § 1367(c)(4) must undertake "a two-part

inquiry." *Arroyo*, 19 F.4th at 1210. "First, the district court must articulate why the circumstances of the case are exceptional within the meaning of § 1367(c)(4)." *Id.* (citations and internal quotation marks omitted). "Second, in determining whether there are compelling reasons for declining jurisdiction in a given case, the court should consider what best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)]." *Id.* (citations and internal quotation omitted).

After considering § 1367(c)(4) and California's requirements for bringing Unruh Act claims, "numerous district courts in California 'have declined to exercise supplemental jurisdiction over Unruh Act . . . claims brought alongside ADA claims.'" *Block v. Cal.-Fresno Invest. Co.*, No. 1:22-cv-1419 JLT SAB, 2023 WL 8675398, at *4 (E.D. Cal. Dec. 15, 2023) (quoting *Rutherford v. Nuway Ins. Agency Inc.*, No. SACV 21-00576-CJC-JDE, 2021 WL 4572008, at *1 (C.D. Cal. Apr. 1, 2021)). Underlying these decisions is "the recent confluence of several California-law rules [that] have combined to create a highly unusual systemic impact on ADA-based Unruh Act cases that clearly threatens to have a significant adverse impact on federal-state comity." *Arroyo*, 19 F.4th at 1211.

Notably, Congress adopted the ADA to address the discrimination encountered by persons with disabilities, providing a private cause of action to seek injunctive, but not monetary, relief. *See id.* at 1205 (discussing background and relief available under the ADA). And the Unruh Act likewise prohibits disability discrimination, containing a provision, Cal. Civ. Code § 51(f), stating that a violation of the ADA also violates the Unruh Act. However, unlike the ADA, the Unruh Act allows a plaintiff to recover "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a).

In response to perceived abuses of the Unruh Act, California has enacted requirements for bringing such claims, which requirements the Ninth Circuit has assumed, without deciding, "apply only in California state court." *Vo*, 49 F.4th at 1170. For example, provisions were added (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of

$1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.").

All of these requirements[1] apply to claims alleging a construction-related accessibility violation, defined as involving "a provision, standard, or regulation under state or federal law requiring compliance with standards for making new construction and existing facilities accessible to persons with disabilities," including those related to the ADA. Cal. Civ. Code § 55.52(a)(1), (6); *see* Cal. Civ. Code § 55.3(a)(2). By enacting such restrictions, California has expressed a "desire to limit the financial burdens California's businesses may face from claims for statutory damages under the Unruh Act." *Arroyo*, 19 F.4th at 1209 (internal quotations omitted). However, "Unruh Act plaintiffs have evaded these limits by filing in a federal forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements." *Id.* at 1213 (internal quotation omitted). Consequently, "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Id.*

Recently, the Ninth Circuit provided substantial guidance on this issue in *Vo v. Choi* in affirming a district court's order denying supplemental jurisdiction over an Unruh Act claim under § 1367(c)(4). *Vo*, 49 F.4th at 1168. In that case, the district court declined supplemental jurisdiction over the Unruh Act claim after giving the plaintiff the opportunity to respond and before addressing the merits of the case. *Id.* at 1168-69. In reviewing the district court's decision, the Ninth Circuit held that the district court sufficiently explained why the circumstances of the case were exceptional under § 1367(c)(4), agreeing with the district court that "it would not be 'fair' to defendants and 'an affront to the comity between federal and state courts' to allow plaintiffs to evade California's procedural requirements by bringing their claims in federal court."

---

[1] Cal. Civ. Code § 55.31(a); Cal. Civ. Code § 425.50(a), Cal. Gov't Code § 70616.5(a).

4

*Id.* at 1171. The Court also affirmed the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction, stating that "the district court [properly] analyzed Vo's situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim." *Id.* at 1172. Accordingly, "[g]iven these very real concerns, in addition to the deferential standard of review, [the Ninth Circuit saw] no reason to hold that the district court abused its discretion in determining there were compelling reasons to decline jurisdiction over the Unruh Act claim." *Id.*

With these legal standards in mind, the Court addresses whether the relevant considerations of § 1367(c)(4) warrant declining the exercise of supplemental jurisdiction over Plaintiff's Unruh Act claim.

**<u>Discussion</u>**

In support of its motion to dismiss Plaintiff's Unruh Act claim, Defendant argues the Court should decline to exercise supplemental jurisdiction on the grounds that extraordinary circumstances exist given Plaintiff's status at the time he commenced this action as a high-frequency litigant and the need as a matter of comity to respect California's interest in discouraging unverified disability discrimination suits.  In opposition to the motion, Plaintiff argues that the Unruh Act's heightened procedural requirements are preempted by 28 C.F.R. § 36.103(c) and, thus, "void."  (Doc. 9 at 2).  He further argues that the Unruh Act is directed towards attorneys, not litigants, and that comity should be disregarded in light of the ADA.  *Id.*

The Court begins with the first part of the two-step inquiry under § 1367(c)(4)—whether the circumstances here are exceptional. *Vo*, 49 F.4th at 1171.

As discussed above, California has enacted various requirements that apply to claims alleging a construction-related accessibility violation. And if the Court were to exercise jurisdiction over Plaintiff's Unruh Act claim, Plaintiff would be permitted to avoid these requirements. *See Arroyo*, 19 F.4th at 1213 (noting that potential evasion of California's requirements met exceptional-circumstances prong of § 1367(c)(4)). Further, such evasion would undermine California's policy interests in enforcing its requirements—providing monetary relief

but limiting burdens on small businesses and disincentivizing plaintiffs' attorneys from obtaining "monetary settlements at the expense of forward-looking relief that might benefit the general public." *Id.* In his opposition, Plaintiff appears to argue that these circumstances should not be considered exceptional because they are preempted by 28 C.F.R. § 36.103(c). However, Plaintiff does not support this perfunctory argument with any authority. In any event, it misconstrues the operation of federal preemption – as other courts and judges within this Court previously have held. *See, e.g., Gastelum v. Five Below, Inc.*, No. 1:22-cv-00825-AWI-SAB, 2022 WL 6224274, at *9–10 (E.D. Cal. Oct. 7, 2022) (finding Plaintiff's preemption arguments as to Unruh Act's pleading requirements, but not monetary damages, to be "at best, paradoxical."), report and recommendation adopted, 2023 WL 159577 (E.D. Cal. Jan. 11, 2023); *Gastelum v. TJX Cos., Inc.*, No. 21-cv-06714-VKD, 2023 WL 2224432, at *3 (N.D. Cal. Feb. 24, 2023) (finding Plaintiff's preemption argument to be "neither well-developed nor supported by any authority that actually so holds."). As such, and there is "little doubt that the first prong [under § 1367(c)(4)] is satisfied here." *Vo*, 49 F.4th at 1171.

Turning to the second part of the inquiry—whether there are other compelling reasons for declining jurisdiction—the Court considers the *Gibbs* values of economy, convenience, fairness, and comity. *Vo*, 49 F.4th at 1171. Importantly, this case is an early stage of the litigation – although, regrettably, the case has experienced significant delay given the extraordinary judicial resource emergency confronted by this district – the case has not been scheduled and Plaintiff's claims have not been addressed. *See Arroyo*, 19 F.4th at 1214 (noting that the *Gibb*'s values did not support declining supplemental jurisdiction where the case was at a "very late stage"). Thus, this is not a case "where it makes no sense to decline jurisdiction . . . over a pendent state law claim that that court has effectively already decided." *Id.* Notably, Plaintiff makes no argument that the stage of this case warrants exercising jurisdiction.

Moreover, in light of the above discussion of California's requirements for Unruh Act claims, it would not be fair, nor would comity be served, by allowing Plaintiff's Unruh Act claim to proceed without the state court being able to enforce its policy interests as reflected in its various procedural requirements. *Id.* at 1213 (noting "comity-based concerns that California's

policy objectives in this area were being wholly thwarted" by plaintiffs being able to bring Unruh Act claims in Federal court).

On this issue, Plaintiff does not challenge Defendant's assertion that, at the time he commenced this action, Plaintiff was a high-frequency litigant. While a review of public filings confirms that Plaintiff's status as a high-frequency litigant is not a close call, the Court notes it need only determine whether California's requirements are implicated, not whether they are in fact met. As the Ninth Circuit noted in *Vo*, whether a Plaintiff "has satisfied the heightened pleading requirements" imposed in California is a question for the state court because "[f]orcing the district court to determine if [this is] in fact true would itself run afoul of the *Gibbs* values— especially comity," and would deprive California of playing its "critical role in effectuating the policies underlying [its] reforms." *Vo*, 49 F.4th at 1173-74 (internal citation omitted).

Separately, Plaintiff argues that requiring him to bring a second action in state court would be duplicative and that the Court's limited resources would be better served by requiring the parties to participate in a settlement conference. (Doc. 9 at 9). As an initial matter, this argument improperly assumes that Plaintiff will be successful in this action. However, even accepting such an assumption, the fact that the litigation could prove duplicative or increase costs does not, in light of the other considerations, warrant retaining jurisdiction. As one court has concluded, "if plaintiff legitimately seeks to litigate this action in a single forum, plaintiff may dismiss this action and refile it in a state court in accordance with the requirements California has imposed on such actions." *Garibay v. Rodriguez*, No. CV 18-9187 PA (AFMX), 2019 WL 5204294, at *6 (C.D. Cal. Aug. 27, 2019). Moreover, it is California's prerogative to impose a heightened filing fee for high-frequency litigants in an effort to curb abuses of the Unruh Act at the risk of the fee being ultimately paid by defendants. It would undermine comity and fairness were Plaintiff permitted to proceed with his Unruh Act claim in light of California's policy concerns.

While Plaintiff acknowledges the Ninth Circuit's holding in *Arroyo* (Doc. 9 at 5-6), he suggests the holding should be disregarded because of federal preemption (*see supra*) and separately argues the *Gibbs* factors warrant the Court's exercise of supplemental jurisdiction here. *Id.* But in *Vo*, the Ninth Circuit rejected the type of argument advanced by Plaintiff in affirming

the district court's finding that the balance of the *Gibbs* values—economy, convenience, fairness, and comity—provided compelling reasons to decline supplemental jurisdiction. *Vo*, 49 F.4th at 1172 ("the district court [properly] analyzed *Vo*'s situation under the *Gibbs* values and determined that the values of fairness and comity favored not retaining jurisdiction over the claim.").

Accordingly, in light of the two-step inquiry under § 1367(c)(4), the undersigned concludes that the circumstances of this case are exceptional and there are other compelling reasons to decline supplemental jurisdiction over Plaintiff's Unruh Act claim. *See, e.g.*, *Orosco v. Monrroy Enters. LLC*, No. 2:23-cv-07818-MEMF (KSx), 2023 WL 10407115, at *5 (C.D. Cal. Nov. 30, 2023) (declining to exercise supplemental jurisdiction over and dismissing Plaintiff's California Unruh Act, Disabled Persons Act, Health & Safety Code and negligence claims following *Vo/Arroyo* analysis); *Kim v. Vegara*, No. EDCV 22-281 JGB (SHKx), 2022 WL 17080182, at *5 (C.D. Cal. Oct. 5, 2022) (same); *Benford v. Hall*, No. CV 22-03337-RSWL-ASx, 2022 WL 20273588, at *3 & n.3 (C.D. Cal. July 18, 2022) (same).

*[Remainder of this page intentionally left blank.]*

**Conclusion and Recommendation**

For the reasons given above, IT IS RECOMMENDED as follows:

1. The Court DECLINE to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim pursuant to 28 U.S.C. § 1367(c)(4).
2. Plaintiff's Unruh Act be dismissed without prejudice to Plaintiff's filing of this claim in state court.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 30, 2024**__            _____
                                                                      UNITED STATES MAGISTRATE JUDGE